■     In the Matter of the Claim of MATTHEW A. MUNIAK, Respondent, against ACF INDUSTRIES, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant worked in a metal products plant as a machine operator, grinder and burner. It is conceded the work is competent to produce an inguinal hernia and it is not disputed claimant had a left inguinal hernia March 18, 1955, discovered by the employer's physician. There is adequate proof that the work actually caused the hernia, added to the concession that it was competent to cause it. The board's finding that this is an occupational disease is thus adequately supported. Since the claimant continued in the same employment for the same employer, the time limits described in section 40 of the Workmen's Compensation Law, are not applicable. There is, however, no proof of disablement within the occupational disease provision of the statute. The board found there was disablement when the hernia was discovered medically; but the claimant continued to work although he has been advised to have surgical treatment. Disablement within the statute is the actual cessation of work due to disease. (*Matter of McCann* v. *Walsh Constr. Co.,* 282 App. Div. 444.) The case was closed pending claimant's decision to have an operation. If he actually stops work due to the operation, the finding of disablement would

then be warranted on this record for at that time he will be disabled within the statutory definition due to the disease. But the finding of disablement while he continues to work, apparently to fix the *status quo* of the occupational disease against the contingency of a future operation, is not warranted and is premature. Award reversed without prejudice to further consideration if the claim of disablement is established, with costs to appellant against the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.